J-S28029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN CRAIG MORRISON, | |
| Appellant | No. 1953 MDA 2014 |

Appeal from the PCRA Order entered October 31, 2014,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0003060-1992

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MAY 06, 2015**

Steven Craig Morrison ("Appellant") appeals *pro se* from the order denying his serial petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA Court succinctly summarized the pertinent facts and procedural history as follows:

> [Appellant] is a serial PCRA petitioner who pled guilty to statutory rape, aggravated indecent assault, and corruption of a minor.  [According to the criminal complaint, the crimes occurred between November 1990 and July 1992, when the female victim was five or six years old and Appellant was in his mid-twenties.]  On August 27, 1993, [Appellant] was sentenced to 9.5 years to 30 years of incarceration.  At that time, he was represented by Assistant Public Defender Scott Oberholtzer, who subsequently filed an unsuccessful motion to modify the sentence.  His subsequent appeal to the Superior Court also was unsuccessful.  ***See Commonwealth v. Morrison***, 644 A.2d 807 (Pa. Super. [] 1994) (unpublished memorandum).  [Appellant] did not

petition for allowance of appeal to the Pennsylvania Supreme Court. However, since then, he has filed a litany of motions, petitions and appeals that regurgitate a multitude of untimely and baseless complaints.

His latest effort in this regard underlies the appeal *sub judice*. On October 27, 2014, he filed a *pro se* 9th [PCRA petition], coming before this Court with yet another attempt to avoid the consequences of his heinous crimes by seeking to have his guilty plea withdrawn and his sentence vacated. By order dated October 31, 2014, [the PCRA court] denied the [petition as untimely filed].

PCRA Court Opinion, 12/15/14, at 1-2 (footnotes omitted). This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the claims raised by Appellant in his *pro se* brief, we must first determine whether the PCRA court properly determined that Appellant's ninth PCRA petition was untimely.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id***. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id.***

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783. ***See also*** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to

the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence became final on April 28, 1994, after the expiration of time for filing a petition for allowance of appeal with our Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Appellant filed this latest petition over twenty years later. Thus, "the lateness of [Appellant's ninth petition] is glaringly obvious," PCRA Court Opinion, 12/15/14, at 4, unless Appellant has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. The PCRA court addressed Appellant's unsuccessful attempt to meet this burden:

> [Appellant] did not carry his burden. Recognizing the lateness of his claims, [Appellant] sought to invoke the timeliness exceptions set forth at Section 9545(b)(1)(i), by alleging government interference only by way of Assistant Public Defender Oberholtzer's filing of the untimely [post-sentence] motion, and Section 9545(b)(1)(ii), by alleging only that he previously did not know that Attorney Oberholtzer's late filing violated his constitutional rights. For a number of reasons, this effort to save his otherwise untimely Petition fell far short of surmounting the jurisdictional threshold.

- 4 -

First and foremost, [Appellant] failed to assert, let alone prove, that he satisfied the 60-day-limitation period set forth at Section 9545(b)(2) as to *any* claim set forth in his otherwise untimely Petition. Considering that all of his complaints revolve around alleged unfairness at his preliminary hearing and at this 1993 guilty-plea hearing and also considering his relentless filing of a multitude of motions, petitions, and appeals since then raising, in part, the same or similar allegations upon which the instant Petition was based, the existence of any factual scenario justifying such an assertion was absolutely implausible. Simply put, it was impossible for [Appellant] to plead and prove that he filed the Petition within 60 days of learning about government interference or previously unknown facts upon which to invoke any timeliness exception. Indeed, he made no effort to do so.

Even putting aside that fatal deficiency, [Appellant] failed to make any argument whatsoever for the application of the timeliness exception as to claims other than the ineffective-assistance claim. Therefore, those claims remained untimely for that additional reason. As to the ineffective assistance claim, it also remained untimely for the additional reason that his arguments for the application of the two timeliness exceptions were not compelling. First, a late filing by a public defender is not the sort of government interference with the presentation of a claim to which the governmental interference exception applies. [*See* 42 Pa.C.S.A. § 9545(b)(4).] Likewise, a defendant's realization of the legal impact of a later filing is not the sort of unknown fact to which the unknown-facts exception applies. Second, even assuming *arguendo* that, by some stretch of the imagination, the exceptions could have applied to the instant facts, [Appellant] would have, or could have, become aware of the lateness of the filing and the legal implications no later than his receipt of the 1994 appellate decision denying his appeal. This further supported [the PCRA court's] initial determination that [Appellant] did not file the late Petition within the applicable 60-day limitation period.

To summarize, [Appellant] failed to establish that he satisfied the 60-day limitation period for filing his otherwise-untimely PCRA claims, and he failed to establish the application of any timeliness exception. Therefore, this

> Court lacked jurisdiction to review the merits of his substantive claims, and the Petition had to be denied.

PCRA Court Opinion, 12/15/14, at 5-6 (citation omitted).

Our review of the record amply supports the PCRA court's conclusion that it lacked jurisdiction to consider Appellant's ninth PCRA petition. Although within his *pro brief* Appellant makes additional assertions regarding his inability to obtain his court records and claims that he filed his latest petition within sixty days of speaking with a "prison legal aid," these new claims cannot be considered for the first time on appeal. ***See generally***, Pa.R.A.P. 302(a). We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2015

- 6 -